# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA KIRKLAND, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHTON PLACE, L.P., <br><br> Defendant. | Case No.: 18cv1878-MMA (BLM) <br><br> **ORDER GRANTING PLAINTIFFS' UNOPPOSED PETITION TO CONFIRM MINORS' COMPROMISES** <br> [Doc. No. 21] |

Pending before the Court is an unopposed *ex parte* motion to confirm the settlement entered into on behalf of the two minor plaintiffs in this action, D.S. and D.P. (the "Minor Plaintiffs"). Doc. No. 21. The Minor Plaintiffs are represented by Plaintiff Tara Kirkland, as their guardian. Plaintiffs request the Court approve the settlement as to the Minor Plaintiffs.

## RELEVANT BACKGROUND

The Minor Plaintiffs, along with Plaintiff Kirkland, asserted claims against Defendant Brighton Place, L.P. ("Defendant") based on the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and related federal and state laws. Doc. No. 6 ("SAC"). Plaintiffs alleged that Defendant enforced rules at its apartment complex which unfairly targeted children and discriminated against families with children. They also alleged that Defendant's rules prevented children from playing outside in the common areas. On May

1

2, 2019, the parties fully settled the case. Doc. No. 21 at 4. Pursuant to the proposed settlement, each Minor Plaintiff will receive $3,000.00 for his or her compromise. *Id.*

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011); Fed. R. Civ. P. 17(c). Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). With respect to proposed settlements in lawsuits involving minor plaintiffs, this special duty requires district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court considers "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel . . . ." *Robidoux v. Rosengren*, 638 F.3d at 1182.

## DISCUSSION

Plaintiff Kirkland believes the settlement is reasonable. Doc. No. 21-2 at 2-3. Having considered the settlement amounts approved in factually similar cases, the Court also concludes that the settlement is reasonable and fair to the Minor Plaintiffs. For example, in another case in this District, the court approved a settlement of FHA, FEHA, negligence and Unruh Act claims with a settlement amount of $750.00 for each minor plaintiff based on alleged discriminatory rules at a timeshare resort by the defendants. *See Angstman v. Carlsbad*, No. 11cv62-L (WMc), Doc. No. 36. Another case in this District to which Plaintiffs directed the Court resulted in approval of a settlement with $3,000.00 being provided to each minor child for settlement of claims that the children were prohibited from playing in common areas at an apartment complex. *Faustino v.*

*Central SDHC FHA LLC*, No. 16cv2326-BAS (AGS), Doc. No. 66. Plaintiffs directed the Court to five other similar cases which resulted in approvals of a settlement ranging between $1,500.00 to $5,000.00. *See Cortes v. Hing Shen*, No. 8:18cv01226-AG-DFM, Doc. No. 44 (finding a settlement of $3,000.00 to each minor child fair and reasonable); *Oliphant v. Yale Mngmt. Servs., Inc.*, No. 2:18cv06359-JFW-FFMx, Doc. No. 77 (finding a settlement of $5,000.00 to each minor child fair and reasonable); *Quiroz v. Diversified Holdings, LLC*, No. CV 16-3918 FMO (Ex), Doc. No. 106 (finding a settlement of $2,700.00 to each minor child fair and reasonable); *Fels v. Nobel*, No. 3:15cv01338-BEN (JLB), Doc. No. 43 (finding a settlement of $1,500.00 to each minor child fair and reasonable); *Duncan v. 900 Manchester, LLC*, No. 14cv1331-MMA (RBB), Doc. No. 21 (finding a settlement of $1,750.00 to each minor child fair and reasonable). The Court has located additional factually similar cases in which minor plaintiffs received similar settlement amounts. *Bor v. PPC WSSC LLC*, No. 11-cv-03430-LHK, 2012 U.S. Dist. LEXIS 58050, at *10 (N.D. Cal. Apr. 25, 2012) (finding settlement amounts ranging from $1,000.00 to $6,500.00 per minor child fair and reasonable); *Milton v. Regency Park Apartments*, No. 2:13-CV-01284-KJM-CKD, 2015 U.S. Dist. LEXIS 2206, at *7-8 (E.D. Cal. Jan. 6, 2015) (finding a settlement amount of $10,000.00 to each minor child fair and reasonable). As such, the proposed settlement amount for each Minor Plaintiff here is well within the range of settlement amounts approved for similar claims in factually similar cases. Accordingly, the Court approves the settlement.

### CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. The petition to approve the minors' compromises is **GRANTED**. Doc. No. 21. The Minor Plaintiffs shall receive the following:

    a. $3,000.00 to D.S.

    b. $3,000.00 to D.P.

2. Within 72 hours of receipt of a check payable to the order of Tara Kirkland, as General Guardian for the Minor Plaintiffs, Plaintiff Kirkland shall deposit the check

for the minor children into a blocked account at a federally insured bank or credit union. The blocked account in this matter is to be opened solely for the benefit of the Minor Plaintiffs in this case and such funds placed therein cannot be accessed by anybody other than the respective Minor Plaintiffs upon reaching the age of majority. Plaintiff/Guardian Kirkland shall have no right to access any of the funds in such blocked account for any reason.

3. Plaintiff/Guardian Kirkland must deliver to each depository at the time of deposit a copy of this order.

4. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the respective minors attain the age of 18 years. When the respective minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minors, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

5. Plaintiff/Guardian Kirkland is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of settlement.

6. Bond is waived.

7. In light of the settlement of this case, the Court **VACATES** all other pending dates. *See* Doc. No. 16.

8. Pursuant to the parties' notice of settlement (Doc. No. 20), the parties are directed to file a stipulation for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on or before **June 7, 2019**.

**IT IS SO ORDERED**.

Dated: May 9, 2019

Hon. Michael M. Anello
United States District Judge